IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 21-cv-0138-RMR-NYW

RICHARD ROY BLAKE,

    Plaintiff,

v.

NORTHGLENN COLORADO POLICE OFFICER LILIANE HONG, et. al.

    Defendants.

## ORDER

This matter comes before the Court on Defendants Liliane Hong, Darren Burton, and City of Northglenn's Motion to Dismiss, ECF 25. Defendants seek dismissal of all claims against them pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the Defendants' motion is **GRANTED.**

### I.    BACKGROUND

On January 4, 2020, the Plaintiff in this matter was protesting on a sidewalk outside of the Metro North Denver Islamic Center. The Plaintiff held a two-sided sign that said: "Equal Rights For Christians in Islamic Nations" and "Islam Kills." Defendant Hong issued a citation to the Plaintiff for violating Northglenn Municipal Code Section 9-11-16.5, "Obstructing Streets and Sidewalks." On October 9, 2020, Plaintiff was convicted by a jury in the Municipal Court, City of Northglenn, Colorado of violating § 9-11-16.5. Plaintiff appealed his conviction to the Adam's County District Court. At the time of filing of Defendants' Motion to Dismiss, the Plaintiff indicated that he intended to appeal his

conviction to the Colorado Supreme Court. The Plaintiff's Petition for Writ of Certiorari to the Colorado Supreme Court was denied on November 8, 2021. *Blake v. Colorado*, 21SC559 (Denying Petition for Writ of Certiorari). A review of court records suggests that the Plaintiff then filed a Petition for Writ of Certiorari to the United States Supreme Court, No. 21-6935. His petition was denied on March 28, 2022.

The Plaintiff filed his amended complaint in this action February 5, 2021. The Plaintiff alleges four causes of action for violations of his First and Fourteenth Amendment rights.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (*quoting Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### III.  ANALYSIS
#### A.  *Younger* Abstention

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), a court is precluded from interfering with pending state court proceedings. Abstention is appropriate under *Younger* if three conditions are met: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges. *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com. of State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001). At the time the Defendants filed their motion, *Younger* abstention likely did preclude this Court from hearing Plaintiff's case, as his appeal was still pending. Because the Plaintiff has since exhausted his state court action, however, there is no longer an ongoing state court proceeding. The Court therefore finds that *Younger* abstention does not apply. *See Jacobs v. Ocwen Loan Servicing, LLC*, No. 13-CV-02518-REB-BNB, 2014 WL 3893325, at *5 (D. Colo. Aug. 7, 2014) (finding that *Younger* did not apply where a plaintiff's state court proceedings were pending when motion was filed but were complete when the Court issued its ruling.).

#### B.  *Rooker- Feldman*

Pursuant to 28 U.S.C. § 1257(a), "federal review of state court judgments can be obtained only in the United States Supreme Court." The *Rooker–Feldman* doctrine "prevents a party losing in state court from seeking what in substance would be appellate

3

review of a state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Tal v. Hogan*, 453 F.3d 1244, 1255–56 (10th Cir. 2006). The *Rooker–Feldman* doctrine "prohibits a lower federal court [both] from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment." *Id.*

The Defendant argues that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction because "Plaintiff's claims arise out of his municipal conviction in Northglenn Municipal Court. While Plaintiff chose to style his claims as civil rights violations pursuant to 42 U.S.C § 1983, each of these claims substantively arise out of the criminal, state court matter. The root of Plaintiff's claims is a jury verdict undertaken in Northglenn Municipal Court that Plaintiff alleges was unlawful." ECF 25.

In the District Court's Order Affirming Plaintiff's Conviction, the Court noted that the Plaintiff argued that his conviction should be overturned, in relevant part, because (1) the Northglenn Police Department violated 42 U.S.C. § 1983 when they issued the citation, and (2) the Northglenn Municipal Code § 9-11-16.5 is void for vagueness and overbreadth.

The court dismissed Plaintiff's 1983 claims, but it did not substantively engage with them. The judge explained that the references to § 1983 and relevant case law "relate to civil remedies and are inapplicable to this appeal. The cited cases fail to connect Mr. Blake's arguments with relevant case law and are not 'cogent arguments.'" ECF 35-1, p. 6. The Court thus cannot find that the state court actually decided the Plaintiff's First Amendment and Retaliation claims (Claims one and two).

4

The Court does find, however, that *Rooker-Feldman* precludes jurisdiction over Plaintiff's allegations that Northglenn Municipal Code § 9-11-16.5 is unconstitutionally vague and overbroad (Claims three and four). The Adams County Court considered these arguments in great detail. The Adams County Court ultimately determined that "there is sufficient specificity in the ordinance to survive a void-for-vagueness challenge," (ECF 25-1, p.10) and that Mr. Blake had not met his burden of establishing "real and substantial overbreadth of the ordinance." *Id.* Because the state court considered the exact claims brought by the Plaintiff here, this Court is precluded from deciding those same claims.

The Plaintiff's third and fourth claims for relief are **DISMISSED without prejudice for lack of jurisdiction.**

**C.  Failure To State A Claim On Which Relief Can Be Granted**

    1.  Plaintiff Fails To State A Claim For Violations Of His Fifth Amendment Rights

On page 5 of the Amended Complaint, the Plaintiff generally states that he brings causes of action "for violations of [his] First, Fifth and Fourteenth Amendment Rights." ECF 5, p. 5. The Plaintiff does not, however, identify any causes of action for violation of his Fifth Amendment rights, nor does he provide any facts or argument relevant to the Fifth Amendment. Thus, to the extent that the Plaintiff seeks to bring a claim for Fifth Amendment violations, he has failed to state any facts sufficient to support a cause of action for such claim, and it is thus dismissed.

    2.  Plaintiff Fails To State A Claim For Violations Of His First Amendment Rights

In his remaining causes of action, the Plaintiff alleges that the Defendants violated his First Amendment right to free speech when they issued him a citation and summons for violating Northglenn Municipal Code § 9-11-16.5. He also argues that the issuance of

the citation amounted to unconstitutional retaliation against him in violation of the First Amendment. The Defendants argue that they are entitled to qualified immunity because the Plaintiff has failed to allege a deprivation of his constitutional rights and because the alleged right at issue is not "clearly established." The Court agrees with the Defendants.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Qualified immunity involves a two-step process: (1) the court must determine whether the facts alleged make out a violation of a constitutional right; and (2) the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Id.*

### a. The Plaintiff has Failed to State a Claim for Violation of his First Amendment Right to Free Speech.

Where a Plaintiff brings an as-applied challenged to a time/place/manner restriction under the First Amendment, the government must show that the restriction applied to the plaintiff is (a) content-neutral, (b) narrowly tailored, and (c) provides alternative modes of communication. *McCullen v. Coakley*, 573 U.S. 464, 477 (2014).

A review of the plain language of Northglenn Municipal Code § 9-11-16.5 establishes that it is content-neutral. The ordinance states:

> It is unlawful for any person to willfully, maliciously or recklessly place in any doorway or driveway not owned by him or under his lawful control or on any sidewalk, public highway, street or alley in the City any object which causes or tends to cause the obstruction thereof or of any part thereof. Any violation of this section is a civil infraction, punishable according to Section 1-1-10(a)(3) of the Municipal Code, as amended, or is a nuisance, punishable according to this

> Chapter, or both. In no case shall a violation of this section be punishable by jail time. The penalty set forth in Section 1-1-10(a)(2) of the Municipal Code does not apply.

The ordinance prohibits obstruction of a sidewalk by any object, regardless of type or content of the object. The Defendants have thus established that the ordinance is content-neutral.

So, too, have the Defendants established that the ordinance is narrowly tailored, leaving available alternative modes of communication. An ordinance such as the one at issue here is narrowly tailored so long as it "promotes a substantial government interest that would be achieved less effectively absent the regulation." *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989). The U.S. Supreme Court has found ordinances directed towards regulating or assisting the flow of traffic on a public sidewalk to be permissible and in the interest of the public. *See Cox v. State of La*., 379 U.S. 536, 554–55 (1965) ("Governmental authorities have the duty and responsibility to keep their streets open and available for movement."). Here, the City would be less effective in regulating the flow of traffic on public sidewalks in the absence of § 9-11-16.5's prohibition on placing obstructing objects on public sidewalks. So, too, did the Plaintiff have ample alternative modes of communication—he could have held a smaller sign (that did not block the sidewalk), he could have shouted, he could have handed out literature to passersby. The ordinance itself is aimed only at addressing obstruction of public sidewalks. Under this ordinance, an individual undoubtedly retains the ability to exercise their First Amendment rights, they simply must exercise those rights without blocking sidewalks, doorways, or driveways.

Because the Defendants have shown that § 9-11-16.5, as it was applied to the Plaintiff, is a reasonable time, place, and manner restriction on protected speech, the Plaintiff has failed to state a claim for a violation of his First Amendment rights.[1]

The Plaintiff's first cause of action is **DISMISSED with prejudice.**

### b. The Plaintiff Has Failed To State A Claim For Retaliation

The Tenth Circuit examines First Amendment retaliation claims under *Worrell v. Henry*, 219 F.3d 1197 (10th Cir. 2000), which requires inquiry into whether (1) plaintiffs were engaged in constitutionally protected activity; (2) defendants caused the plaintiffs to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) defendant's actions were motivated by plaintiffs' protected activity. *Abay v. City of Denver*, 445 F. Supp. 3d 1286, 1292 (D. Colo. 2020) (citing *Buck v. City of Albuquerque*, 549 F.3d 1269, 1292 (10th Cir. 2008)). The Plaintiff here specifically alleges that the Defendants retaliated against him when they issued him a citation without probable cause.

The United States Supreme Court has instructed that "[a] plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). "Absent such a showing, a

---

[1] Because the Court finds that the Plaintiff has failed to allege a constitutional violation, it need not consider whether the right allegedly infringed was "clearly established." Nonetheless, the Plaintiff has not cited to any authority suggesting that the right he seeks to vindicate was clearly established at the time that the citation was issued. This shortcoming, by itself, requires a finding of qualified immunity and dismissal of the Plaintiff's first cause of action.

retaliatory arrest claim fails." *Id.* While the Plaintiff here baldly states that the Defendants lacked probable cause for the issuance of the citation, he does not allege any facts that support that statement. On the contrary, the Plaintiff does not appear to dispute that he was holding the sign on the sidewalk, and he alleges that the citing officer's notes referenced the size of his sign and stated that, in order to walk around him, pedestrians had to step in the road. ECF 34, p. 15. Further still, a jury found that Plaintiff violated § 9-11-16.5, as alleged in the citation. On these facts, the Court cannot find that the Plaintiff has alleged facts supporting a finding that the Defendants lacked probable cause to issue the citation.

Relatedly, the Plaintiff has failed to allege facts establishing that the Defendants' actions were motivated by his protected activity. On the contrary, even under the facts alleged, it seems that the Defendants' decision to issue a citation to the Plaintiff was motivated by their reasonable belief that he was obstructing the sidewalk, in violation of the municipal ordinance.

Because the Plaintiff has failed to allege facts supporting a necessary element of his claim, the Court need not analyze the remaining elements. Plaintiff's retaliation claim is **DISMISSED with prejudice.**[2]

---

[2] The Plaintiff fails to identify any precedent suggesting that the right was clearly established at the time his right was allegedly infringed. Again, this constitutes an independent basis for a finding of qualified immunity, and warrants dismissal of Plaintiff's second cause of action.

### c. Plaintiff Has Failed To Allege Facts Supporting Municipal Liability.

On page 26 of his Amended Complaint, the Plaintiff states: "The City of Northglenn currently has a custom, policy or practice of harassing, threatening, citing, fining and unconstitutional efforts to deprive Plaintiff of his Constitutional rights to criticize the Islamic ideology and a militant mosque and is a proper Defendant in this case per *Monell v. Department of Social Services of the City of New York (1978)*." ECF 5, p. 26.

Plaintiff has not identified any facts supporting a formal or written policy to support his municipal liability claim. Plaintiff must therefore identify facts establishing the existence of "an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Bryson v. City of Okla. City*, 627 F. 3d 784, 788 (10th Cir. 2010).

There are no facts in the Plaintiff's Amended Complaint to support his claim that the City has an informal custom of depriving him of his constitutional rights. The Plaintiff seeks to support his claim by attaching as Exhibit F an email from an individual, Jon Lutz, that was sent to the Editor of the Northglenn Sentinel news outlet, seemingly in response to a story published about the Plaintiff's protest activities. First, at the motion to dismiss stage, the Court need not consider facts outside the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court's role is "to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d at 1201. Regardless, even if the Court were

10

to consider the email, it does not support the Plaintiff's claim that there exists a widespread policy of harassing the Plaintiff and depriving him of his constitutional rights.

Plaintiff's municipal liability claims are **DISMISSED with prejudice.**[3]

## IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss, ECF 25, is **GRANTED.** Plaintiff's first and second causes of action are **DISMISSED without prejudice** for lack of subject matter jurisdiction. Plaintiff's remaining causes of action are **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: March 30, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[3] In his request for relief, the Plaintiff asks the Court to find that the Defendants "illegally conspired to deprive Plaintiff of his Constitutional rights." ECF 5, p. 26. The Plaintiff does not, however, include any causes of action for conspiracy, nor does he allege any facts supporting a conspiracy claim. The Plaintiff also has not disputed the Defendants' argument that he has failed to state a claim for civil conspiracy. To the extent that the Plaintiff asserts conspiracy, he has failed to allege facts supporting such a cause of action, and it is dismissed.